Curia, per

O’Neall, J.
There can be no doubt that the defendant’s plea was bad, on general demurrer. For if it had stopped at “ that the defendant had paid up the said sum of money, and discharged himself from the said obligation, according to the tenor and ■ effect of the same,” this, although untechnically pleaded, yet, being in substance an allegation of “ payment at the day,” might have been sustained. . But the plea went on to shew how the payment was made, and stated a payment to one not entitled to receive; this clearly rendered the plea bad in substance, and hence the general demurrer was properly sustained.
But it is contended, that the motion to plead over, or amend, ought to have been allowed. In MacFarland vs. Dean, Cheves 67, it is said “ a judgment in special demurrer is nothing more than that the party against whom it is pronounced should plead over or amend, on payment of costs.” This is a departure from the English rule. For there the judgment would be final, unless the party obtained leave to amend. The change is, however, necessary, under our free allowance of amendments, and hence it was thought advisable to consider special demurrers as opposing an obstacle of form merely, which might be obviated by pleading over or amending. This was, however, no great departure from English precedents. For the amendment after special demurrer, joinder, argument, and even judgment thereon, was freely allowed by the English Courts, as will be seen by referring to Halton vs. *170 Walker, 2d Stra. 846; Pollyblank vs. Hawkins, Doug. 330, and Sexton vs. Robison, Doug. 620.
Mr. Harllee for the motion.
But after a joinder in general demurrer, and judgment thereon, it may be laid down as a general rule, that an amendment will not be allowed. In Cotes vs. Carreton, Harp. Law Rep. 400, leave was given to amend after a joinder in demurrer'; but that was after it had been ascertained the case could not be tried, and therefore no delay could follow from allowing it.
In this case, the trial was in progress, and to have allowed an amendment, or that the defendant should plead over, might have delayed the plaintiff by compelling him to seek for evidence to meet a defence, into which he knew, from the state of the pleadings at the commencement of the trial, the defendant could not go. This is a decisive reason why the amendment cannot be allowed.
In addition to that, we know from the facts stated in the plea, which has been ruled to be bad, of what the de-fence was made up. It is plain, from them, that the payment alleged to have been made, could never, in any shape, avail the defendant. There would be no propriety (if we thought we had the power) to allow an amendment to be made, which would present in form a good legal defence, altogethér unsupported by the fact.
The motion is dismissed.
J. B. O’NEALL.
We concur. J. J. Evans, A. P. Butler, D. L. Ward-law.